Per Curiam.
Conger filed his petition, in the superior court of chancery, for a supersedeas, to stay proceedings under an execution which had issued from that court against him, as the purchaser of certain property which was sold under a decree, to foreclose a mortgage, which Robinson, as administrator of the mortgagee, had obtained against Hann, the mortgagor. The sale was on a credit of six months, and Conger gave his bond for the purchase money, and on non-payment the execution issued, according to the provisions of the statute. On motion, the supersedeas was dismissed, and Conger appealed.
The first ground taken in the petition, as a reason for the interposition of the Chancellor is, that Conger purchased seventeen slaves, and confiding in the sheriff who sold, he supposed, for some time, that the bill of sale which he received.was for all the slaves purchased ; but he has since discovered that it only embraces fourteen. There is no allegation in the petition that he did not receive the complement purchased;, the complaint is, that he has not received title papers. The Chancellor, in his opinion, has given a very satisfactory answer to *221 this objection. He held that a bill of sale was unnecessary; that in judicial sales of personal property, as in all other sales of such property, the right passed by delivery, and the purchase and ownership under it may be established by parol proof. But, say the counsel, the report is defective, in not showing what property was sold, and has not been confirmed, and the purchaser receives no title until confirmation. The mortgage, the .decree, and the report, are to be taken' together, as parts of an entire thing. The mortgage designates the property conveyed ; the decree follows the mortgage in description; and the report, as the petition represents it, certifies that the decree was executed, by a sale of the property therein described. By the aid of the mortgage and the decree, the report is sufficiently certain as to the identity of the property. It is, perhaps, defective in certainty, in omitting the name of the purchaser, and the amount of sale; but these defects do not seem to us to be of sufficient consequence to justify a suspension of the execution. It is true that the report should have been confirmed ; but for anything that we can know, this may have been done. The record does not profess to set out any of the proceedings in the original suit. Before confirmation it was competent for the purchaser to move to reject the report, and this application may be regarded as equivalent to such amotion; and the decision of the Chancellor, dismissing the supersedeas, must, in effect, amount to a 'confirmation of the report. This point seems to depend very much on a mere matter of practice, which seems to be somewhat unsettled. We cannot reverse the judgment, without a clear showing that it was made in violation of an established practice. In looking at the bill of sale, which is made an exhibit, it is difficult to determine whether it conveys seventeen or thirteen slaves, owing to thfe fact, that some of them seem to have two names, but how many of them were intended to be so designated, we cannot say. This supposed omission may arise from a mistake, in regarding names as double which should be separated.
Another ground on which relief is sought is, that several of the-slaves conveyed by the bill of sale, are not contained in the decree *222 or that they are there described by other and different names. This objection is probably owing to the difference in spelling names, which is an immaterial circumstance. If the petitioner has purchased and holds the same slaves which were decreed to be sold, it is immaterial what name may be given them in the bill of sale, and he does, not aver that he purchased slaves, which were not embraced in the decree. There is no allegation that the petitioner has fewer slaves than he purchased, or that any of them are adversely claimed ; and we have come to the conclusion, that the supersedeas was properly dismissed.
Decree affirmed.
On a subsequent day of the term, the counsel for the appellee entered a motion, in the following words, to wit :
“ The appellee moves the court to correct the judgment heretofore rendered in the above cause, by inserting therein a judgment for $12,135; the amount of the bond stated in the record, with eight per cent, interest thereon, from the 29th day of October, 1839.”
Montgomery and Boyd, in support of the motion.
The first question is, as to what was the decree from which an appeal was taken 1
It appears from the record, that Conger had given bond and surety for the purchase money of certain slaves bought on credit, under a decree of the chancery court, and petitioned for a supersedeas of an execution issued thereon, and for relief against said bond.
The statute of 1838, (see Collection of Statutes, 1834 to 1838, p. 865,) provides that sales under decrees shall be made on a credit; that the purchaser shall give bond, &c., which being unpaid, the clerk should indorse thereon the non-payment; and thereupon such bond should have the force and effect of a judgment ; and the clerk should issue execution, &c.
The provisions of this law differ very little in principle froth *223 those of the forthcoming bond law, which has been frequently sustained by this court. 3 How. R. 1, 34; 1 Ib. 98; 5 Ib. 200, 566.
According to these authorities the bond, when it arrived at maturity, having remained • unpaid, assumed the nature of a regular decree against the obligors to pay the amount thereof to the obligees, on which an execution would issue. The supersedeas then was but ancillary to the main object of the petition ; and when it was quashed or set aside by order of the court the legal effect and meaning of that order was to reinstate the ideal decree against the obligors of the bond, from which decree the parties prayed an appeal. Such must have been the understanding of the Chancellor, or why did he refuse to allow the appeal to operate as a supersedeas until appellants gave bond in double the amount of the quasi decree ? And what was superseded ? Was it the judgment on the borid, or the order of the court, setting aside the supersedeas ?
That the appeal was regular in such case appears to have been -settled in the case Bank of the United States v. Patton, 5 How. R. 233.
The only remaining question is, whether the judgment can be rendered on the appeal bond, which is moved for by the appellees?
The statute regulating judgment on appeal bonds will be found in How. & Hutch. 513, § 34. The condition of the appeal bond required by this act is that the appellant shall pay, satisfy, and perform the decree, &c., and all costs, in case the same be affirmed.
The condition of the bond is, that the said Conger shall well and truly perform the decree of said superior court of chancery, and also abide by the decision of the said high court of errors and appeals.
It is objected that this bond does not conform to the statute because it contains a condition to abide the decision of this court. We do not deny that a bond which contained an onerous condition not required by the statute, would be but a common law bond, and that judgment thereon could not be evi *224 dence as on a statutory bond; but when the condition is idle and imposes no duty but such as the party was under without it, it should be treated as surplusage. This condition undertook nothing, nor imposed any duty but such as every citizen is bound to render without stipulation, therefore it does not vitiate the bond.
Our right to a judgment in this.court for the amount of the decree, damages and costs, will be found in the statutes H. & H. 535, § 20. This statute has also received the repeated examinations of this court, and needs no argument. The bond in this case was designed as a supersedeas bond, and is within the precise words of the statute.
Hughes, against the motion, for the surety in the appeal bond:
He insists there can be no judgment against him, upon the affirmance of the order in the court below, discharging the supersedeas, because he has entered into a bond, only with this condition, “ that the appellant, Conger, should perform the order or decree of the court below, and the order or decree of this court.” The appeal was taken under the 34th section of the Chancery Court Law, Revised Code, 93, 94, which requires that “ the party (praying the appeal) shall enter into bond, with sufficient security, to be approved of by the Chancellor, in a reasonable penalty, with condition to pay, satisfy, and perform the decree, or final order of the superior court of chancery, and all costs, in case the same shall be affirmed.” As a starting point, it is admitted, that the order or decree of the Chancellor has been affirmed, whatever that «may be, by the condition of the bond given and required by the statute, the security in the bond has engaged shall be performed by the appellant, or the bond is forfeited, and the security is liable to judgment, as upon a statutory bond, or upon it as a common law bond. This final order, or decree of the Chancellor, is not, however, an order or decree upon the appellant to pay money, or to do any act, but is a mere order, that the supersedeas which had previously been obtained be discharged. There is nothing for *225 Conger, the appellant, to perform ; he is to do nothing, but to remain passive. The condition of the bond is not and cannot be broken.
But it may, perhaps, be said, that there are other provisions in the statutes, and the 20th section of the supreme court law-may be referred to. Revised Code, 154. That section provides, that a copy of the bond given be sent up with the record, and then if the decree of the court below be affirmed, “ the supreme court shall enter up judgment or decree against all the obligors in such bond, both principal and security, for the debt, damages, and costs, which may be adjudged to the appellee, or' defendant in error.” This provision contemplates that there should be in the supreme court, on affirmance, a judgment or decree for debt, damages, and coste, upon which a judgment or decree shall be rendered against the obligors in the bond. In this proposition is involved, necessarily, the prerequisite of such a judgment in the court below; for the judgment in the supreme court is to be upon affirmance, and unless there were a judgment for a debt, damages and costs below, it would not be an affirmance, but something more. Now in this case there cannot, upon the affirmance, be a judgment by the court for debt, damages, and costs; because the judgment for debt, damages, and costs below has not been appealed from. That judgment is one in contemplation of law, upon the bond filed in the office, and the decree or order appealed from is only that the supersedeas be discharged, which gives the complainant below, Robinson, the benefit of his execution. The Chancellor did not, and could not, have made any legal order or decree, by which the order discharging the supersedeas could be converted into a decree, for the payment of money. But if it could have so done, it did not, and consequently this court having merely affirmed, could, under the statute last referred to, give no judgment for debt, damages, and costs.
But suppose this court say, that in addition to the order of affirmance, that they will give sanction to the office judgment below, by decreeing that Conger, and his securities in that judgment, shall pay it with costs. Can this decree be the *226 foundation of a summary judgrflent against Conger and his securities, on the appeal bond 1 The answer is, that it cannot; because the security has in no statutory bond, executed in conformity to the law, agreed so to undertake for Conger. It is true that the bond has a condition, that Conger shall perform the order or decree of the high court; but there is no law applying to appeals in chancery which requires such a condition, and such“ a condition being required or inserted, can give no authority to this court to proceed upon it, and enter up a summary judgment against the security. This can only be done upon a bond, taken in pursuance of the requisitions of the law. See Bowie v. Hagan, 5 How. 13. Jones v. Parsons, 2 Yerg. 322. Banks v. Brown, 4 Ib. 200.
It is another question, and beside the one under consideration, whether this bond may' be treated as a common law bond, and sued and recovered on in an action at law, and which it will be time enough to look into when suit is commenced. As it stands, the party appealing was entitled to his appeal, upon his entering into bond, with one condition, to which the court superadded another, not required by law, as a prerequisite to the obtaining the appeal, which was given, and the appeal obtained. And, now we insist, that according to the principles, laid down in the cases referred,to, only such decree can be rendered in' this court against the security as the statutory obligation authorizes, and no greater; and that'the balance of the condition of the bond is either void, or can only be enforced by action at law. ,
But it may be insisted, that a judgment or decree may be rendered against Conger, for costs, on the affirmance in this court, and consequently against the obligors, principal and security, in the appeal bond. Had'the bond been conditioned for the payment of costs, this would have been the result; but such is not the bond. Nothing is said in it about costs, and the cases before referred to show, that the undertaking of the surety cannot be made to go beypnd his contract. And the condition as to performing the decree in this court, will not embrace the costs, being a condition, as before insisted, not binding on the surety, or only to be otherwise enforced.
*227 In conclusion it may be observed, that the question now argued, is upon the law of appeals from the chancery court, and may perhaps be different from what it would be if arising upon the law providing for appeals and writ's of error from the circuit court to the high court of errors and appeals. For on the subject of appeals from the.circuit court, it is required, see circuit court law, sec. 149, Rev. Code, 138, that a bond be given, conditioned, “ To pay the amount of the recovery (in the court below) and all costs and damages awarded, in case the judgment or sentence be affirmed,” and on a writ of error with supersedeas, the bond is to be conditioned for, “ The payment of the judgment or decree, damages, interest and costs,” (in case of affirmance) “ and for the performing of the sentence, judgment or decree, which the supreme court may render therein.” See Rev. Code, sec. 149, p. 139.
And here may be noted the distinction between the two modes of taking cases from the circuit court to the high court, that by appeal and by writ of error. The first seems to contemplate an undertaking by the security upon which upon affirmance, a judgment may be rendered, to pay the amount of the recovery below, and all costs and damages awarded in the high court; while the latter looks also to an allowance, and contemplates the like judgment, but provides for the contingency of a reversal of the judgment, and the proper judgment being rendered by the high court, in which court the condition is, for the performing that judgment, and upon this, judgment in like manner may be rendered by this court against the security. These provisions ho,wever do not apply to appeals from the court of chancery, there being a substantial and distinct provision as to them.
Mr. Justice Clayton
delivered the opinion of the court, on the motion.
Since the decree was .pronounced in this case, some difference has arisen between the counsel as to the judgment to be here entered. The counsel for the appellants contend that no judgment can be rendered upon the appeal bond, except for *228 costs; whilst the appellee insists upon a judgment for the full amount of principal, interest, damages and costs.
After a careful examination of the statutes, we have come to the conclusion that the latter construction is the true one. The matter was discussed in the case of Houston, et al. v. Hayter's administrator, reported upon another point in 6 How. The first entry in that case was a simple judgment of affirmance, with the costs of this court. Upon motion to amend this judgment and argument thereon, the judgment was entered against all the parties to the appeal bond, principals and sureties for principal, interest, damages and costs. That was an appeal in a case in which a supersedeas had been granted to a judgment and execution upon a forthcoming bond; the supersedeas was discharged, and an appeal from the order of discharge. The cases are'in principle parallel.
It is objected that this bond is not in the form prescribed by the statute, and is therefore not good as a statutory bond. The obligatory portion is in the usual form; the condition, though not in literal, is in substantial conformity to the statute. Its words are, “now if the said John B. Conger, in case he shall fail to prosecute said appeal with effect, shall within thirty days thereafter well and truly perform the decree of the said superior court of chancery, and also abide by the decision of the said high court of errors and appeals in the premises, then this obligation shall be void, otherwise to remain in full force and virtue.”
These latter words, it is alleged, are not authorized by the statute. This may be true, yet they would not vitiate the other part of the bond, and may be rejected as surplusage. The judgment must therefore be entered-in this court, for the full amount of debt, damages and costs, against 'all the parties to the bond.